UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**VERNON HOPKINS,**

    **Petitioner,**

v.

**J. C. HOLLAND, Warden,**

    **Respondent.**

Civil Action No. 6:13-134-DLB

**MEMORANDUM OPINION
AND ORDER**

**\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\***

### I..  Introduction

Vernon Hopkins is a federal inmate in the custody of the Bureau of Prisons ("BOP"). While confined at the United States Penitentiary- McCreary in Pine Knot, Kentucky, Hopkins filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the BOP's decision denying his request for *nunc pro tunc* designation of a state prison facility as the place of service for his federal sentence, pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).[1] (Doc. # 1).

The Court screens habeas petitions pursuant to 28 U.S.C. § 2243. At the screening phase, the Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted). Because Hopkins is not entitled to habeas relief, his petition will be denied and this proceeding will be dismissed.

---

[1] The BOP's online "Inmate Locator" database indicates that Hopkins has since been transferred to the United States Penitentiary-Victorville in Adelanto, California.

1

**II. Factual Background**

In order to determine whether Hopkins is entitled to *nunc pro tunc* designation and/or any additional jail time credit awarded against his federal sentence, a brief chronological summary of Hopkins' state and federal convictions and the respective sentences he has received and served is necessary. That chronology follows:

**April 3, 2000** - Hopkins was arrested on state charges in the state of Georgia for aggravated assault, armed robbery, entering an automobile, obstruction, and simple battery. He was detained in state custody on these charges.

**June 7, 2000 -** While still in state custody, Hopkins was indicted in federal court for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See United States v. Vernon Edward Hopkins*, No. 4:00-cr-00128-BAE (S.D. Ga. 2000). Subsequently, pursuant to a writ of habeas corpus *ad prosequendum*, Hopkins was temporarily removed from state custody for purposes of court proceedings in federal court. On June 27, 2000, Hopkins made his initial appearance in federal court. Initially, Hopkins pled not guilty to the federal charge, and his case was scheduled for a jury trial. However, on September 11, 2000, after a jury had been selected but not sworn, Hopkins changed his plea to guilty. (*Id*., at Doc. # 19 therein).

**November 8, 2000 -** Hopkins was sentenced on the federal charge in federal court and received a 327-month sentence of imprisonment to be followed by a five-year term of supervised release. (*Id*., at Doc. # 24 therein). The federal judgment is silent as to whether the federal sentence should be served consecutively to or concurrently with the as-yet unimposed state sentence. *Id.*

After his proceedings in federal court had concluded, Hopkins was returned to state custody on the pending charges in state court. Ultimately, he pled guilty to the armed robbery charge in

Georgia state court, and the remaining state charges were dismissed.

**May 15, 2001 -** The Georgia state court imposed a ten-year sentence, ordering it "to run concurrent with the federal sentence defendant is currently serving."[2] (Doc. # 1-1).

After Hopkins completed service of his state sentence, he was transferred to federal custody to begin serving his federal sentence.

**III.    Analysis**

**A.    Doctrine of Primary Custodian Jurisdiction**

The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922).  In *Ponzi*, the Supreme Court held that the question of which sovereign exercises custodial jurisdiction over an individual charged with crimes against two sovereigns was a matter of comity between the two sovereigns.  It is well-settled that primary custodial jurisdiction remains vested in the sovereign that firsts arrests the defendant until that sovereign relinquishes its priority over the defendant.  *See, Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509-510 (2nd Cir. 1982).  Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*.  *See United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991) (noting that "official detention" in 18 U.S.C. § 3585–the successor statute to § 3586–means "physical incarceration"); *Huffman v. Perez*, No. 99-6700, 2000 WL1478368 (E.D. Ky., Sept. 27, 2000) (explaining that defendant spent 26½ months primarily in the custody of North Carolina and

---

[2] Although this 10-year state sentence was ordered to run concurrently with his federal sentence, the federal sentence had not begun to run at time because, as a matter of law, Hopkins had remained continuously in state custody since his arrest on April 3, 2000.

secondarily in the custody of the U.S. Marshal's Service pursuant to the writ of habeas corpus *ad prosequendum*).

In the present action, while Hopkins was in the primary custody of Georgia, he was "borrowed" from the state of Georgia, pursuant to a writ of habeas corpus *ad prosequendum*, for purposes of appearing in federal court on various proceedings related to the federal charge. However, as noted above, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum*, does not operate to transfer primary custodial jurisdiction from the state to federal authorities. In short, such a transfer does not alter the fact that the prisoner remains in the primary custody of the state. *See, e.g., Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of state sentence. *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa. 1996). Also, primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign, if that sovereign accepts. This discretionary election is an executive function of the two sovereigns. *Poland*, 117 F.3d at 1098. In Hopkins' case, Georgia did not relinquish its primary custodial jurisdiction over him to the United States.

    **B.**    **Statutory Authority**

As pointed out in Bureau of Prisons Program Statement 5880.28, prior custody time credit

on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b).  (emphasis added).

Thus, pursuant to the foregoing statute, a defendant is only entitled to credit for time "that has not been credited against another sentence."  In essence, Section 3585(b) prohibits awarding dual credit on a federal sentence.  Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner.  *See, e.g., United States v. Wilson*, 503 U.S. 329, 333-35 (1992).  However, a federal inmate is not entitled to any credit for time attributed to a state sentence.  *Wilson*, 503 U.S. at 337 (1992); *Nguyen v. Department of Justice*, No. 97-6489, 1999 WL 96740, (6th Cir. 1999) (time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence).  The Sixth Circuit has consistently held that if a prisoner received credit towards his state sentence for the time spent in detention, he may not also receive prior custody credit for this same time toward his federal sentence.  *See e.g., Huffman*, 230 F.3d at 1358; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 Fed. App'x 756 (6th Cir. 2002).

Consequently, Hopkins is not entitled to additional credit toward his federal sentence as he has already received credit toward his state sentence from the date of his arrest on the state charges

in Georgia on April 7, 2000, until the expiration of his 10-year sentence. Any further benefit would result in improper "double crediting," in violation of 18 U.S.C. § 3585(b). *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for the time toward his current federal sentence.").

### C. Concurrent Sentences and Nunc Pro Tunc Designation

18 U.S.C. § 3584(a) states, in pertinent part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Moreover, the Sixth Circuit has held that the District Court is without power to impose a sentence consecutively to a not-yet-imposed state sentence. *United States v. Quintero*, 157 F.3d 1038, 1039-41 (6th Cir. 1998).

#### 1. The November 8, 2000 federal sentence

After his arrest on April 7, 2000, and his subsequent detention in state custody on the state charges, Hopkins was first sentenced by a federal district court on November 8, 2000, at which time, he was still in custody of the state of Georgia, as the state court charges were still pending. The federal court was silent on the issue of concurrent or consecutive sentences. Thus, pursuant to 18 U.S.C. § 3584, the federal sentence imposed on November 8, 2000, was a consecutive sentence; therefore, it did not begin to run on November 8, 2000, and would never have begun to run so long as Hopkins remained in state custody. Post-sentencing, Hopkins was returned to Georgia state authorities for resolution of the pending state charges.

#### 2. The May 15, 2001 state sentence

Hopkins was next sentenced on the state charges by a Georgia state court on May 15, 2001.

The Georgia state court imposed a ten-year sentence, ordering it "to run concurrent with the federal sentence defendant is currently serving." (Doc. # 1-1). The Georgia state court may have been under the mistaken impression that since Hopkins has already been sentenced in federal court, his federal sentence was running at the time of his state court sentencing. However, as previously stated, Hopkins' federal sentence was, in fact, a consecutive sentence imposed while Hopkins was in state custody, and it did not begin to run on November 8, 2000, because Hopkins was still in state custody on that date. Regardless of the reasons that the Georgia state court ordered this 10-year sentence to run concurrently with his federal sentence, the Georgia state court's directive that Hopkins' 10-year sentence run concurrently with his federal sentence had no impact on Hopkins' federal sentence for two, independent reasons: (a) the federal sentence was a consecutive sentence and was not running on May 15, 2001, and (b) the Georgia state court had no authority to commence Hopkins' service of the federal sentence.

In short, the November 8, 2000, federal sentence remained consecutive to the subsequent May 15, 2001, state sentence, as the state court's direction otherwise is not binding on either the federal courts or the BOP. *See Gourley v. Wilson*, No. 09-110, 2009 WL 2448502 (E.D. Ky., Aug. 10, 2009) citing *Barden v. Keohane*, 921 F.2d 476, 478 n.4 (3rd Cir. 1990). *See also Banks v. Wilson*, No. 09-350, 2009 WL 5125282 (E.D. Ky. Dec. 17, 2009) (holding that petitioner's state sentence was ordered to run concurrently, but his federal sentence was not ordered to run concurrently, and therefore, 18 U.S.C. § 3585(a) controls for the federal sentence to run consecutively); *United States v. Allen*, 124 F. App'x 719 (3rd Cir. 2005) ("While a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP.").

7

It is well-established that a federal prisoner is not entitled to receive credit against a consecutive federal sentence for time served under the primary jurisdiction of a state authority, regardless of whether he was housed in a federal facility or a state facility. Title 18 U.S.C. § 3585(b) provides that prior custody credit cannot be granted if the prisoner has received credit towards another sentence. The general rule is that no credit is applied to a federal sentence if credit has been given for the same period of custody towards a state sentence. *See Wilson*, 503 U.S. at 333-35 ("Congress has made clear that a defendant could not receive double credit for his detention time.").

It must be kept in mind that when the 327-month, consecutive federal sentence was imposed on November 8, 2000, Hopkins was still in state custody. Consequently, Hopkins' federal sentence did not begin to run until after he had completed service of his 10-year state sentence and was released to federal authorities.

### IV. Conclusion

The fatal flaw in Hopkins' claim is that he fails to understand that he was in state custody on November 8, 2000, the date he was sentenced in the federal case. Because he was in state custody and his federal sentence was a consecutive sentence, it would not have commenced until he was released from state custody. For these reasons, the BOP committed no error in denying his request for *nunc pro tunc* designation of the state facility for service of a portion of his federal sentence. Consequently, Hopkins' habeas petition is without merit. Accordingly,

**IT IS HEREBY ORDERED** as follows:

1. The petition filed by Vernon Hopkins for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

       2.       This action be, and is hereby, **DISMISSED** and **STRICKEN** from the active docket; and,

       3.       Judgment shall be entered contemporaneously with this Order in favor of J. C. Holland, Warden, the named Respondent.

This 12th day of December, 2013.



G:\DATA\Opinions\London\13-134 MOO Denying Habeas Ptn.wpd